UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | No. CR 10-00642 CRB (BZ) |
| ) | |
| v. ) | **REVOCATION ORDER** |
| ) | |
| DANIEL JOHNSON, ) | |
| ) | |
| Defendant(s). ) | |

On November 8, 2011, I heard the government's motion pursuant to 18 U.S.C. § 3148(b) to revoke defendant Daniel Johnson's pretrial release bond.[1] At the hearing, the defendant was present and represented by Davina Pujari. The government was represented by Karen Beausey.

After hearing the information proffered by both sides, I find that the defendant has not provided sufficient evidence to rebut the presumption that he is a danger to the community and should be detained pursuant to § 3148(b). The defendant

---

[1] Both parties agreed to treat the motion before the court as an 18 U.S.C. § 3148(b) motion despite the fact that the motion was actually brought by defendant pursuant to 18 U.S.C. § 3142(c)(1)(B).

1

has been charged in Illinois with multiple felonies arising out of a violent altercation outside a bar that took place on October 8, 2011, involving both police and bystanders.  The charges against the defendant also include additional allegations of later violent outbursts by the defendant while he was in police custody, such as head-butting an officer who was attempting to detain him.  Defendant contended that the October 8 altercation was due to alcohol abuse and submitted many letters by family members and friends attesting to his caring and gentle nature.  Defendant therefore proffered that placing him in a alcohol treatment program, either out-patient or residential, together with heightened supervision by Pretrial Services would adequately assure the safety of the community.

However, defendant submitted no evidence that he has a chronic alcohol abuse problem.  He did not so advise Pretrial Services during the initial interview, which is why he has no alcohol counseling or treatment provision in his release order.  Nor did any of his family members and friends mention an alcohol abuse problem in their many letters.  And this would not explain why he had marijuana and marijuana paraphernalia in his possession when he was arrested.

To the Court, it appears more likely that his violent outburst on October 8 was induced by stress caused by the approaching criminal trial rather than by a chronic alcohol abuse problem which might be susceptible to counseling and treatment.  It is therefore likely that as trial approaches there will be other stress induced outbursts.

1 I therefore find that defendant poses a danger to the
2 community and especially to any law enforcement officer that
3 he might encounter, and that no conditions of release will
4 assure the safety of the community.

5 As discussed during the hearing, I have some concern that
6 the custodial situation created by the release order did not
7 function properly. There is some suggestion that his wife,
8 the custodian, was involved in the incident, though defendant
9 contends that she was acting as a pacifier. But it appears
10 undisputed that the custodian did not notify Pretrial Services
11 of the altercation. That said, had I concluded that an
12 alcohol treatment program could reasonably assure the safety
13 of the community, I would have placed him in a residential
14 treatment program to address the future custodial situation.

15 **IT IS THEREFORE ORDERED** that his bond be revoked and he
16 is remanded to the custody of the U.S. Attorney General for
17 confinement in a correction facility separate, to the extent
18 practicable, from persons awaiting or serving sentences or
19 being held in custody pending appeal.

20 On order of the court of the United States or on request
21 of an attorney for the government, the person in charge of the
22 corrections facility in which defendant is confined shall
23 deliver him to an authorized Deputy United States marshal for
24 ///
25 ///
26 ///
27 ///
28 ///

3

the purpose of an appearance in connection with a court proceeding.

Dated: November 9, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\ORDERS.2011\JOHNSON REVOCATION ORDER.wpd